COLE, Circuit Judge.
I concur with the majority regarding Koras’s sentencing errors. As those alleged errors are, at most, errors of state law not implicating constitutional concerns, there can be no federal habeas relief. Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). However, since I disagree with the majority’s analysis of Koras’s ineffective assistance of counsel claims, I respectfully dissent.
I.
Under Strickland v. Washington, there are two requirements for ineffective assistance of counsel under the Sixth Amendment: (1) the counsel’s performance was constitutionally deficient; and (2) the counsel’s deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Regarding the deficient performance prong, “[tjhere is a strong presumption that an attorney’s performance falls within the wide range of reasonable professional assistance.” Barnes v. Elo, 339 F.3d 496, 502 (6th Cir.2003) (internal quotes and citation omitted). That is, the “defendant must overcome the presumption that ... the challenged action might be considered to be sound trial strategy.” Id. (internal quotes and citation omitted). Regarding the prejudice prong, a defendant must show that there is “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome.” Id. (internal quotes and citation omitted).
Here, the district court determined that Koras’s appellate counsel was constitutionally ineffective, resulting in procedural default excusing the failure to raise a claim of constitutionally ineffective trial counsel. The district court then determined that the trial counsel was constitutionally inef *216 fective for failing to argue that Koras had properly invoked his right to counsel under Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The majority concludes that Koras’s claims cannot succeed, because he has failed to establish the prejudice prong of Strickland. Since I would hold that both trial and appellate counsel were constitutionally ineffective, I will analyze both prongs.
II.
It is well-settled that once a criminal defendant invokes his right to counsel in response to his Fifth Amendment Miranda rights, all questioning must cease. See Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (“We further hold that an accused ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.”); Abela v. Martin, 380 F.3d 915, 925 (6th Cir.2004) (noting that Edwards establishes a bright-line rule to cease interrogation once an accused’s Miranda right to counsel is invoked). The Supreme Court has also noted that “additional safeguards are necessary when the accused asks for counsel.” Edwards, 451 U.S. at 484. Accordingly, “when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if has been advised of his rights.” Id. Indeed, subsequent Supreme Court cases establish the paramount importance of a defendant’s right not to be questioned without counsel after invocation of the Miranda right. See Arizona v. Roberson, 486 U.S. 675, 682, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) (holding that police may not question a defendant about any unrelated crimes after invocation of the right to counsel, even if such crimes are the subject of a separate investigation); Minnick v. Mississippi, 498 U.S. 146, 152, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990) (holding that after invocation of the right to counsel, police may not reinitiate interrogation without counsel present); McNeil v. Wisconsin, 501 U.S. 171, 177, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (noting that the Edwards rule is designed to “prevent police from badgering a defendant into waiving his previously asserted Miranda rights”).
However, the Supreme Court has also held that a defendant’s ambiguous invocation of the Miranda right to counsel does not trigger the Edwards bright line-rule. Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (holding that cessation of questioning is not required “if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in the light of the circumstances would have understood only that the suspect might be invoking the right to counsel”). Still, an ambiguous invocation should not rest solely on the words of the request; rather, a court should review all the circumstances surrounding the invocation in order to determine whether the invocation was clear and unambiguous. Abela, 380 F.3d at 926 (where defendant stated “Maybe I should talk to an attorney by the name of William Evans,” furnished the business card of the attorney to the interrogating officer, and the officer then left the interrogation, presumably to call the attorney, invocation of the Miranda right held clear and unambiguous); Kyger v. Carlton, 146 F.3d 374, 376, 380 (6th Cir.1998) (finding an unequivocal request for counsel where the defendant stated that “I would just as soon have *217 an attorney,” in response to an officer’s asking him: “Would you answer some of our questions, without an attorney present?”).
Here, both the appellate and trial attorney failed to apply correctly this black-letter, bright-line, and elementary rule of criminal procedure. The appellate attorney’s performance is the most egregious. As noted by the majority, evidence indicated that Dr. Van Horn, a psychiatrist retained by Koras as an expert trial witness, testified that Koras had made a direct and unambiguous request for an attorney, which was denied. Ante at 211-12 (Maj. Op.). In an evidentiary hearing in habeas proceedings in the federal district court, the appellate attorney testified that she knew of this direct and unambiguous request for counsel, but refused to raise it on appeal. The appellate attorney gave her reasoning thusly:
The next day they asked him again after Mirandizing him if he would give a statement. My client told me that he never again asked for counsel____
Now, my understanding of the law is you have to suspend asking the person if they request counsel. But then at another time, if they volunteer that they will give a statement, you may proceed to take that statement if they don’t ask for counsel.
The appellate attorney’s assertion that the State may reinitiate interrogation after a direct and unambiguous request for counsel is simply incorrect. Edwards, 451 U.S. at 484 (“[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights.”). Given such a fundamental misunderstanding of Supreme Court precedent, I would hold that the appellate attorney’s actions were constitutionally deficient for the purposes of Strickland.
As noted by the majority, the trial attorney also testified that he knew “Koras told Dr. Van Horn he had requested a lawyer and was denied.” Ante at 211-12 (Maj. Op.). Nonetheless, the trial attorney failed to raise any Edwards issue at trial, either through Dr. Van Horn or through the cross-examination of Detective Tubbs, who testified that Koras’s invocation of the right to counsel was ambiguous. When asked why, the trial attorney gave no satisfactory answer, and conceded that no competent or reasonable attorney would ignore the Edwards issue. Given this failure to raise what appears to be evidence of an obvious Edwards claim, I would hold that the trial attorney’s performance was also constitutionally deficient.
III.
Strickland also requires prejudice such that there is a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Barnes, 339 F.3d at 502. A reasonable probability is less than a preponderance of the evidence, but more than a mere “conceivable effect” on the outcome of the trial. Strickland, 466 U.S. at 693.
The majority reasons that since it is unclear what evidence Koras could have used to support his claim for an Edwards violation, he has not established prejudice under Strickland. In particular, the majority argues that Koras must show that there was a “reasonable probability that a motion to suppress Koras’s statements under Edwards would have been successful.” Ante at 212 (Maj. Op.) (citing United States v. Carter, 355 F.3d 920, 924 (6th *218 Cir.2004)). The majority then notes that since Detective Tubbs and Dr. Van Horn have competing views as to Koras’s invocation of the right to counsel, “the motion would have boiled don to a credibility determination regarding the conflicting testimony.” Id. Since “[tjhere is no evidence in the record making Dr. Van Horn’s rendition of the relevant events more credible than Tubbs’s rendition,” the success of any unfiled motion to suppress, and any subsequent change in outcome of the trial, is “pure speculation.” Id. at 212-13 (citing Baze v. Parker, 371 F.3d 310, 322 (6th Cir.2004)).
I disagree with this analysis. As an initial matter, the case law upon which the majority relies does not support this position. In Carter, we noted that there was no ineffective assistance where trial counsel failed to move for acquittal where he was on trial for being a felon-in-possession of a firearm. See Carter, 355 F.3d at 924. We first noted that there was “ample evidence that [defendant] possessed the pistol.” Id. at 924-25. Such evidence included finding the firearm in the vehicle in which the defendant was arrested, and testimony by the arresting officer that he saw the defendant place an object under the driver’s seat when he approached the car. See id. at 925. Accordingly, we noted that there could be no prejudice resulting from counsel’s refusal to make a motion with no chance of success. See id. at 924. This was especially true as the motion for acquittal was based on sufficiency of the evidence, in which credibility arguments are generally disfavored. See id. at 925. Since there was no reasonable probability of success for the motion for acquittal, we held that there was no ineffective assistance in failing to make the motion. See id.
By contrast, a motion to suppress in this case cannot be considered frivolous or without support. Indeed, trial counsel concedes he knew Dr. Van Horn asserted that Koras had made a direct and unambiguous request for counsel. Furthermore, a motion to suppress evidence, unlike a motion for acquittal based on sufficiency of the evidence, has no categorical prohibition against arguments based on the credibility of witnesses.
The majority then cites to Baze for the proposition that “where one is left with pure speculation on whether the outcome of the trial ... could have been any different,” there is an insufficient showing of prejudice. Baze, 371 F.3d at 322. However, that case is also clearly distinguishable. In Baze, the petitioner argued that there was ineffective assistance since trial counsel failed to challenge the procedure for the removal of a potential juror in a death penalty case. See id. The petitioner argued that the potential juror’s views on the death penalty might be influenced by his wife, and therefore, that he was less likely to impose capital punishment. But we noted that “[n]othing in the record even hints that [the potential juror] would have voted against the death penalty or that the outcome of the trial would have been different had he remained.” Id. at 322. We further noted that the defendant does not “have a right to have a specific juror decide his case, only that all jurors be qualified.” Id. Accordingly, we held there was no prejudice, and therefore, no ineffective assistance of counsel.
Here, prejudice to Koras cannot be considered speculative. Whereas the petitioner in Baze had no evidence supporting his claim, both Koras’s trial and appellate counsel testified that they knew of Dr. Van Horn’s statements that Koras had made a direct and unambiguous request for counsel. Furthermore, Koras’s conviction was largely supported by his confession, which *219 if properly suppressed, might have resulted in a different outcome.
The majority also states that there is no prejudice since the motion to suppress would amount to dueling assertions of credibility. Ante at 212 (Maj. Op.) (“There is no evidence in the record making Dr. Van Horn’s rendition of the relevant events more credible than Tubbs’s rendition.”). However, this misapplies the applicable standard under Strickland. A “reasonable probability” that the outcome would have been different, is less than a preponderance, but more than a mere “conceivable effect.” Strickland, 466 U.S. at 693. Accordingly, Koras is not required to show that evidence of a direct and unambiguous request for counsel is more believable than, or even in equipoise with, contrary assertions by Detective Tubbs. Rather Koras must merely show that there is some reasonable likelihood that the trial court would suppress the confession. Given this evidence, a trial court could reasonably rely on Dr. Van Horn’s testimony of a proper invocation of the right to counsel. Accordingly, I would hold that failure to raise this issue is constitutionally ineffective assistance of counsel.
The majority also notes that “we can only speculate what evidence trial counsel could have presented in support of the motion [to suppress].” Ante at 212 (Maj. Op.). Like the majority, I believe that this is the heart of the matter. Unlike the majority, however, I believe prior precedent supports a finding of prejudice in a case like this where trial counsel fails to develop, investigate or raise a claim, either in discovery or at trial, an obvious and important weakness in the state’s case. See, e.g., Towns v. Smith, 395 F.3d 251, 258-59 (6th Cir.2005) (noting that failure to interview witness who identified non-parties as the killers was ineffective assistance of counsel); Foster v. Lockhart, 9 F.3d 722, 726 (8th Cir.1993) (noting that failure to investigate or develop a claim may be a basis for ineffective assistance of counsel). Here, trial counsel’s refusal to raise or argue the Edwards claim, despite evidence that such a claim was supportable, prevented the development of further supporting evidence. I would hold that this is prejudice sufficient under Strickland to show ineffective assistance of counsel.
Since I would hold trial counsel was ineffective, I would also hold that there was sufficient prejudice to find ineffective assistance of appellate counsel. As appellate counsel failed to raise this obvious error by the trial counsel, Koras was denied constitutionally effective counsel on direct appeal. Accordingly, I would also excuse procedural default for failing to raise this claim on direct appeal, given the appellate counsel’s ineffective assistance.
For these reasons, I respectfully dissent.